IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| KARISSA WIGGINS, | ) | |
| | ) | |
| Claimant-Appellant, | ) | |
| | ) | |
| v. | ) | 2026-1053 |
| | ) | |
| DOUGLAS A. COLLINS, | ) | |
| Secretary of Veterans Affairs, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

## RESPONDENT-APPELLEE'S MOTION TO DISMISS FOR MOOTNESS

Pursuant to 27(f) of the Rules of the United States Court of Appeals for the Federal Circuit, respondent-appellee Douglas A. Collins, Secretary of Veterans Affairs, respectfully requests that the Court dismiss this appeal as moot. Counsel for claimant-appellant Karissa Wiggins has represented that she opposes this motion.

## STATEMENT OF THE CASE

This appeal stems from claimant-appellant Karissa Wiggins's 2024 petition for the U.S. Court of Appeals for Veterans Claims (Veterans Court) to issue a writ of mandamus compelling the Board of Veterans' Appeals (board) to adjudicate her pending administrative appeal within 30 days. The Veterans Court denied her petition, Ms. Wiggins appealed to this Court, and the parties have filed their respective briefs.

On May 11, 2026, however, the board adjudicated Ms. Wiggins's administrative appeal, granting a 70 percent rating for her psychiatric disorder. *See* May 11, 2026

Board Order, ECF No. 79-2. Because the board's adjudication moots this appeal, the Court must dismiss.

## ARGUMENT

### I. This Appeal Is Moot

In her petition, Ms. Wiggins requested a writ of mandamus compelling the board to adjudicate her pending administrative appeal within 30 days. Appx23. The petition contained no other requests. Appx23-33. The board has now adjudicated her administrative appeal. ECF No. 79-2. Thus, Ms. Wiggins's requested relief has been completely fulfilled; there is no further relief this Court can provide and her petition is moot. *Monk v. Shulkin*, 855 F.3d 1312, 1316 (Fed. Cir. 2017) (case becomes moot when "the relief sought by the plaintiff is satisfied"); *see also DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974) (case becomes moot when a court determination "is no longer necessary to compel [plaintiff's desired] result").[1]

### II. No Exceptions To Mootness Apply Here

In Ms. Wiggins's citation of supplemental authority, she suggests that two exceptions to mootness might apply here. Citation of Supp. Authority, ECF No. 79-1. Neither does.

---

[1] To the extent that Ms. Wiggins disagrees with the substance of the board's decision, she can appeal that decision to the Veterans Court, but her request in the petition itself (for board adjudication) has been fulfilled, mooting this appeal.

First, the mootness exception based on "voluntary cessation of challenged conduct" protects against the possibility that a defendant might "stop [the challenged conduct] when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all lawful ends." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013); *Military Order of Purple Heart of USA v. Sec'y of Veterans Affairs,* 580 F.3d 1293, 1295 (Fed. Cir. 2009). That concern is clearly inapplicable here. Ms. Wiggins filed an administrative appeal with the board and the board adjudicated that appeal in the normal course of proceedings. Nothing in the board's decision indicates that the appeal was expedited, advanced, or adjudicated out of docket order. ECF No. 79-2. In fact, the board previously made clear that it would *not* process Ms. Wiggins's appeal out of docket order. Appx221. To be clear, Ms. Wiggins's appeal was not expedited or advanced to avoid a decision by the Court on the Veterans Court's disposition of the petition or the underlying challenge to VA's interpretation of 38 U.S.C. § 7112(b)-(c), and VA has not changed its interpretation of section 7112(b)-(c). Thus, this exception does not apply.

Second, the mootness exception for cases that are "capable of repetition, yet evading review" requires that "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration" and that "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (cleaned up); *Torrington Co v. United States*, 44 F.3d 1572, 1577 (Fed. Cir. 1995). As to duration, it took the

board four-and-a-half years (November 2021 to May 2026) to adjudicate Ms. Wiggins's administrative appeal. Appx225. It is not reasonably disputable whether this length of time is "too short" to fully litigate a petition or a challenge to VA's interpretation of section 7112(b)-(c).

As to repetition, there is no reasonable expectation that Ms. Wiggins will face the "challenged action" again. Should she appeal the May 2026 board decision to the Veterans Court and secure a remand, that remand would be subject to "expeditious treatment" under 38 U.S.C. § 7112(a), *i.e.*, *not be subject to* VA's interpretation of section 7112(b)-(c). Should she instead file a supplemental claim, she might receive a favorable decision—or might decide to pursue higher-level review of an unfavorable decision. 38 U.S.C. §§ 5104C, 5108. Only if she files a supplemental claim, receives an unfavorable decision, *and* decides to pursue a board appeal might she again encounter VA's interpretation of section 7112(b)-(c).[2] The theoretical possibility of the sequential occurrence of each of these events is simply too "speculative to trigger the exception to mootness." *Ebanks v. Shulkin*, 877 F.3d 1037, 1039 (Fed. Cir. 2017); *see Murphy v. Hunt*, 455 U.S. 478, 482 (1998) (mere "theoretical possibility" of recurrence cannot avoid mootness); *Preiser v. Newkirk*, 422 U.S. 395, 403 (1975) (likelihood of recurrence "must be something more than an ingenious academic

[2] Even that is not a guarantee, as she could file for and be granted advancement under section 7107, which would avoid the section 7112(b)-(c) issue.

exercise in the conceivable" (internal quotation marks omitted)). Thus, this exception does not apply.

**III. Dismissal Is Warranted**

Because Ms. Wiggins's appeal no longer presents an actual case or controversy for this Court to resolve, "[it] must be dismissed as moot." *Nasatka v. Delta Scientific Corp.*, 58 F.3d 1578, 1580 (Fed. Cir. 1995). Moreover, this case does not warrant the "extraordinary" remedy of vacatur of the Veterans Court's decision. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) ("It is the petitioner's burden, as the party seeking relief from the status quo of the appellate judgment, to demonstrate . . . equitable entitlement to the extraordinary remedy of vacatur."). Vacatur is an equitable remedy, not an automatic right, *Stanley v. Harris County,* 485 F.3d 305, 312-13 (5th Cir. 2007) (en banc) (citing 513 U.S. at 23-24), and the equities here counsel against vacatur for at least five reasons.

First, the Veterans Court below "decid[ed] a live controversy; its opinion was forged and tested in the same crucible as all opinions." *Mahoney v. Babbitt*, 113 F.3d 219, 222 (D.C. Cir. 1997). Thus, regardless of events after the fact, the Veterans Court's decision is no "less valid as precedent than any other opinion of a court." *Id.* at 222. Second, precedents like the Veterans Court's decision below are "valuable to the legal community as a whole" and not "merely the property of private litigants," to be cast aside when, after the fact, circumstances change for one private party. *Bancorp,* 513 U.S. at 26. Third, while vacatur can be appropriate to "clear[ ] the path for future

relitigation of the issues between the parties," *Bancorp*, 513 U.S. at 22, nothing prevents Ms. Wiggins from relitigating the section 7112(b)-(c) issue in the unlikely event that she is again subject to it in the future. *See Mahoney*, 113 F.3d at 224 (denying vacatur because retaining "our decision poses little risk of prejudice to the parties"). Fourth, nothing prevents other litigants from distinguishing the Veterans Court's precedent in a future case or challenging it at this Court. *See generally Lang v. Wilkie*, 971 F.3d 1348, 1354 (Fed. Cir. 2020) (overturning prior Veterans Court precedent). And finally, the Veterans Court's decision merely maintained the status quo—and thus does not itself harm any claimant. *See Bancorp,* 513 U.S. at 26 (considering public interest).

## CONCLUSION

For these reasons, we respectfully request that this appeal be dismissed as moot.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

PATRICIA M. McCARTHY
*Director*

MARTIN F. HOCKEY, JR.
*Deputy Director*

/s/ *Sosun Bae*
SOSUN BAE
*Attorney*
*Commercial Litigation Branch*
*Civil Division*
*U.S. Department of Justice*
*P.O. Box 480, Ben Franklin Station*
*Washington, DC 20044*
*(202) 305-7568*
*Sosun.Bae@usdoj.gov*

*Of Counsel:*

Y. KEN LEE
*Deputy Chief Counsel*

JONATHAN KRISCH
*Senior Attorney*
*U.S. Department of Veterans Affairs*

July 21, 2026

CERTIFICATE OF COMPLIANCE

I hereby certify that this response: (1) complies with the type volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(a) and Federal Circuit Rule 8(b)(1); (2) contains 1,284 words, excluding the portions of this response exempted from the type volume limitation by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 27(d); (3) complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5); (4) complies with the type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(6); and (5) has been prepared on a computer in a proportionally spaced typeface using Microsoft Word 2016 in Garamond type style and 14 point size. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system that was used to prepare the response.

/s/ Sosun Bae
SOSUN BAE