**UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

| | |
|---|---|
| Karissa C. Wiggins,<br><br>*Petitioner-Appellant*<br><br>v.<br><br>Douglas A. Collins,<br>Secretary of Veterans Affairs,<br><br>*Respondent-Appellee*. | Case No. 26-1053<br><br>August 7, 2026 |

**PETITIONER-APPELLANT'S BRIEF IN OPPOSITION TO RESPONDENT-APPELLLEE'S MOTION TO DISMISS FOR MOOTNESS**

## INTRODUCTION

Petitioner-appellant Karissa Wiggins is a veteran who experienced military sexual trauma (MST) and intimate partner violence while serving in the U.S. Air Force. When her disability benefits compensation appeal languished at the Board of Veterans Appeals (BVA), and cognizant that the U.S. Court of Appeals for Veterans Claims (Veterans Court) would not consider granting a mandamus petition pursuant to the familiar *TRAC* factors until she had waited years for a decision, she eventually petitioned for a writ. She contended, among other things, that a new statutory provision required expedited treatment of MST appeals like hers. *See* 38 U.S.C. § 7112(b). At oral argument, Judge Toth pressed counsel for the government to agree

that a BVA decision in Ms. Wiggins' case would not moot the appeal, because the issue was capable of repetition yet evading review.[1]

The line of questioning was prescient. A divided Veterans Court panel ruled for the government on the important issue of whether § 7112(b) requires expedited treatment of certain MST appeals, over a dissent by Judge Jaquith. The Secretary now moves to dismiss this appeal as moot, while preserving the decision below. *Cf. United States v. Munsingwear*, 340 U.S. 36 (1950). This decision is not moot, and if this Court concludes otherwise, vacatur is appropriate. Ms. Wiggins respectfully requests that this motion be referred to the merits panel and deferred for argument and decision together with the fully-briefed appeal.

## ARGUMENT

### I. This case is capable of repetition yet evading review.

This Court recognizes an exception to mootness for cases that are capable of repetition yet evading review. *Ebanks v. Shulkin*, 877 F.3d 1037, 1038-39 (Fed. Cir. 2017). The exception applies where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable

[1] *See* U. S. Court of Appeals for Veterans Claims, *Wiggins v. Hunter* 24-4591, at 52:24–53:54 (Feb. 4, 2025), https://www.youtube.com/live/yrbko4AgBdY (in response to statement by Judge Toth that a decision "of the Board could happen technically any day," government counsel agreed that the Secretary's position "as a matter of statutory interpretation [of § 7112(b)] likely will not change" and stated "the Secretary does acknowledge that this situation may come up again").

expectation that the same complaining party will be subjected to the same action again." *Id.* (cleaned up and internal quotation omitted); *see also Kingdomware Techs., Inc. v. United States*, 579 U.S. 162 (2016). Both elements are present here.

A. The failure to expedite MST claims pursuant to § 7112(b) is too short an action to be litigated before the Veterans Court and this Court.

As of March 2026, the average time for the BVA to adjudicate an appeal, from the veteran filing a Notice of Disagreement requesting a Board hearing (as Ms. Wiggins did here, triggering the coverage of § 7112(b)) to BVA decision is 29 months.[2] To prevail on this motion, then, the Secretary must show that 29 months is sufficient for the Veterans Court to adjudicate a mandamus petition raising the § 7112(b) issue and this Court to decide an appeal therefrom. He cannot make that showing because it is not.

First, the Veterans Court will generally not grant a mandamus petition unless a veteran's wait at the BVA has *exceeded* the average or median time for BVA appeals, which was approximately three years in Ms. Wiggins' case. *Wiggins v. Collins*, 38 Vet. App. 341, 354 (2025) ("VA stresses the three-year delay

---

[2] *See* U.S. Department of Veterans Affairs, *Board of Veteran's Appeals: Decision wait times* (July 6, 2026), https://department.va.gov/board-of-veterans-appeals/decision-wait-times/; *see also id.* ("The Board finished a three-year hiring plan in FY 2024 that substantially increased the number of judges, attorneys, and staff necessary to conduct hearings and decide more appeals at a faster rate. As a result . . . wait times, which peaked in FY 2024, have started to decrease considerably") (visited Aug. 7, 2026).

experienced by Ms. Wiggins is consistent with the current wait for cases such as this"); *see also Thomas v. McDonough*, 2023 WL 5700896, at *3 (Vet. App. Sept. 5, 2023) (denying mandamus even where BVA delay exceeded "average pending time"). This is because the Veterans Court adjudicates mandamus petitions under the factors set out in *Telecomms. Research & Action Ctr. v. FCC* (*TRAC*), 750 F.2d 70 (D.C. Cir. 1984), as required by this Court. *See Martin v. O'Rourke*, 891 F.3d at 1338, 1344–45 (Fed. Cir. 2018). The first *TRAC* factor is the "rule of reason," which "is considered to be the most important factor in some circuits." *Id.* at 1345. The Veterans Court looks to median or average BVA appeals times to evaluate this "most important factor." *See, e.g., Wiggins*, 38 Vet. App. at 353-54. Thus, it is futile to file a mandamus at the Veterans Court until a veteran has waited at least 2–3 years for a BVA decision. Here, Ms. Wiggins filed her petition after waiting approximately 2.7 years for a BVA decision, consistent with Veterans Court precedent.

Second, even if a veteran ignored the Veterans Court decisions denying mandamus relief to petitions filed before average BVA decision times, the time for adjudication of a petition at the Veterans Court and an appeal by this Court exceeds the 29-month current average time for BVA decisions on the hearing docket (or the 36-month average when this case was briefed at the Veterans Court). *See* U.S. Department of Veterans Affairs, *supra* note 2; *see also Kingdomware Technologies,*

579 U.S. at 170 (noting the Court had "previously held that a period of two years is too short to complete judicial review" in certain cases).

Veterans Court: In FY 2025, the Veterans Court adjudicated 249 petitions, of which just four were decided by a three-judge panel (as is required for a precedential opinion interpreting § 7112(b)). U.S. Ct. of Appeals for Veterans Claims, *Fiscal Year 2025 Annual Report*, at 4–5 (2025). The Veterans Court does not provide a median time for *petitions* decided by a three-judge panel in FY 2025 (for which a sample of four is too small in any event), but the comparable figure for "median time from filing an *appeal* to disposition" by a three-judge panel was 659 days (22 months). *Id.* at 5 (emphasis added).

This Court: In FY 2025, for appeals from the Veterans Court, the "median time to disposition" was 18.5 months. U.S. Ct. of Appeals for the Fed. Cir., *Median Time to Disposition in Cases Terminated After Hearing or Submission: FY 2025* (2025).

In other words, a veteran who appeals an MST claim to the BVA today and exercises her statutory right to a hearing will wait, on average, approximately 2.4 years (29 months) for a decision. *See supra* note 2. If that veteran filed a mandamus petition in the Veterans Court *the same day* as appealing to the BVA, disposition by the Veterans Court (22 months) and an appeal by this Court (18.5 months) would likely take 40.5 months. This is nearly one year longer than the median time at the

BVA.[3] The same math was true for Ms. Wiggins when she appealed to the BVA.[4] The BVA's failure to expedite MST appeals "is in its duration too short to be fully litigated." *Ebanks*, 877 F.3d at 1038.

B. Ms. Wiggins is reasonably likely to be subject to the same action again.

Ms. Wiggins is reasonably likely to be subject again to the BVA's failure to expedite MST claims as required by § 7112(b). On August 4, 2026, she applied for Total Disability for Individual Unemployability (TDIU) benefits, based on her 70% disability rating for PTSD and major depressive disorder with anxiety.[5] If the Secretary denies her new TDIU application, Ms. Wiggins intends to appeal to the BVA and exercise her statutory right to a hearing. It is undisputed that the Board will again refuse to expedite the appeal under § 7112(b). *See supra* note 1. This satisfies the second element of the capable-of-repetition exception, that there is a reasonable likelihood that the "same complaining party" will be subject to the same

---

[3] In fact, Ms. Wiggins moved for advancement on the docket at the BVA before filing her mandamus petition. The BVA denied her motion two months after she submitted it. *Wiggins*, 38 Vet. App. at 246–47.

[4] Filing a mandamus the same day as an NOD would be futile, because the Veterans Court must evaluate the petition under the *TRAC* factors, pursuant to which it interpreted § 7112(b) in this case. As noted, the Veterans Court routinely denies mandamus petitions by reference to the BVA's average decision times under the "rule of reason," the most important *TRAC* factor.

[5] A copy of the VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability, submitted by Ms. Wiggins and showing receipt by VA is attached as Exhibit A. It has been redacted consistent with Fed. Cir. R. 25.1(b).

action again. *See Ebanks*, 877 F.3d at 1039; *Monk v. Shulkin*, 855 F.3d 1312, 1317 (Fed. Cir. 2017) ("where the relief sought is forward-looking, a claim is not moot if it is capable of repetition and yet evades review").

**II. The voluntary cessation exception to mootness also applies.**

A defendant's "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case." *Heartland By-Products, Inc., v. United States*, 568 F.3d 1360, 1368 (Fed. Cir. 2009); *see also United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953). The BVA has ended its delay in deciding Ms. Wiggins' appeal. That does not make this case moot.

First, the Secretary asserts that because Ms. Wiggins' underlying BVA Appeal was adjudicated in normal docket order, no voluntary cessation occurred. Resp't Mot. to Dismiss, Dkt. No. 80 at 3. Not so. Ending its delay after Ms. Wiggins appealed frustrates this Court's ability to review the Veterans Court's interpretation of § 7112(b), just as Judge Toth was concerned it might prevent the Veterans Court from doing. *See Wiggins v. Hunter* 24-4591, *supra* note 1. This matters to Ms. Wiggins for her own future TDIU appeal, if necessary, and the appeals of all other veterans with MST claims who elect a hearing at the BVA.

Second, any party asserting mootness based on its own voluntary cessation of challenged conduct bears a heavy burden to show that it is "absolutely clear" the allegedly wrongful behavior will not recur. *ABS Global, Inc. v. Cytonome/ST, LLC*,

984 F.3d 1017, 1020 (Fed. Cir. 2021). Here, the Secretary insists he will continue to refuse to expedite MST appeals at the BVA, pursuant to his interpretation of 7112(b).[6] *See supra* note 1. It is thus undisputed that the challenged action *will* recur to Ms. Wiggins and other MST survivors. The Secretary's voluntary cessation of delay in Ms. Wiggins' case does not moot this appeal.

### III. In the Alternative, Vacatur is Appropriate.

This Court should not dismiss this appeal as moot, but if it does, it should vacate the Veterans Court's decision. *See Ebanks v. Shulkin*, 877 F.3d at 1040 (dismissing appeal as moot and vacating underlying judgment because petitioner had been "denied the opportunity for appellate review [by this Court]."). Fairness underlies the equitable tradition of vacatur, allowing courts to eliminate the preclusive effect of a judgment that the losing party never had the opportunity to fully challenge on appeal. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994).

In determining whether vacatur is warranted, this Court considers whether the party seeking vacatur caused the mootness by voluntary action. *See Apple Inc. v. Qualcomm Inc.*, 17 F.4th 1131, 1137 (Fed. Cir. 2021). When it has, the party

---

[6] The presumption of good faith generally afforded the government, *see, e.g., Rd. & Highway Builders, LLC v. United States*, 702 F.3d 1365, 1368 (Fed. Cir. 2012), is irrelevant here, because the Secretary does not dispute that he will continue to refuse to expedite MST appeals at the BVA. The presumption does not apply where there is no evidence of actual change. *Cardona v. Shinseki*, 26 Vet. App. 472, 479 (2014).

"surrender[s] [its] claim to the equitable remedy of vacatur." *Bancorp*, 513 U.S. at 25. If the Court concludes this appeal is moot, it will do so because of the Secretary's action, not any conduct attributable to Ms. Wiggins.

The Secretary's arguments against vacatur are unpersuasive. First, the Secretary observes that opinions of the Veterans Court are no less valid than those of other courts. Resp't Mot. to Dismiss, Dkt. No. 80 at 5. True, but this is irrelevant to the vacatur analysis. Congress established a hierarchical appellate system in which this Article III Court has exclusive jurisdiction to review the legal conclusions of the Veterans Court, an Article I court. 38 U.S.C. § 7292; *see also Jackson v. Collins*, 179 F.4th 1323, 1329 (Fed. Cir. 2026). Dismissing this appeal but leaving in place the Veterans Court's decision would frustrate the congressional scheme, leaving a significant legal issue settled by an Article I court and insulated from appeal.

Second, the Secretary insists that judicial precedents are not the property of private litigants. Resp't Mot. to Dismiss, Dkt. No. 80 at 5 (citing *Bancorp*, 513 U.S. at 26). Also true, and also inapposite. Ms. Wiggins requests vacatur because the Veterans Court's decision has consequences beyond her now-decided claim, to include the claims of other veterans with MST as well as any appeal by Ms. Wiggins from her own new TDIU claim. Considering the public interest, a definitive interpretation of § 7112 by this Court is invaluable to veterans and their families and advocates, as well as to vindicating the intent of Congress. Locking in an unreviewed

Veterans Court decision, from a divided panel, with little likelihood that future mandamus petitions on the same issue can be fully adjudicated before a BVA decision again prompts the Secretary to move to dismiss as moot, does not serve the public interest.

Finally, unless vacated, the divided Veterans Court decision in this case is binding in future Veterans Court cases, imposing a burden on veterans seeking to challenge it and frustrating their efforts to do so. *See generally Nat'l Org. of Veterans' Advocs., Inc., v. Sec'y of Veterans Affs.*, 260 F.3d 1365, 1373 (Fed. Cir. 2001). The Veterans Court decision in this case does not merely preserve the status quo; it is a precedential opinion with actual and concrete consequences for veterans who experienced MST. *See id.*

## CONCLUSION

For the foregoing reasons, the Secretary's motion to dismiss as moot should be denied. In the alternative, Ms. Wiggins respectfully requests that the motion be referred to the merits panel and deferred for argument and decision together with the fully-briefed appeal. Should the Court nevertheless dismiss the appeal as moot, Ms. Wiggins requests that it also vacate the decision of the Veterans Court.

Respectfully submitted,

/s/ Michael J. Wishnie
Inaayah Bint Muhammad, Law Student Intern
Luke Hauser, Law Student Intern
Ashley Anderson, Supervising Attorney
Michael J. Wishnie, Supervising Attorney
Jerome N. Frank Legal Services Org.
michael.wishnie@ylsclinics.org

*Counsel for Petitioner-Appellant Karissa Wiggins*

## CERTIFICATE OF COMPLIANCE

1. This Brief complies with the type-volume limitation of Federal Rule of Appellate Procedure Rule 27(d). This Brief contains 2,470 words, excluding the parts exempted by Federal Circuit Rule 27(a)(2)(B).

2. This Brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). This Brief has been prepared in a proportionally spaced typeface using Microsoft Word version 20.08 in 14-point Times New Roman.

Dated: August 7, 2026

Respectfully submitted,

/s/ Michael J. Wishnie
Inaayah Bint Muhammad, Law Student Intern
Luke Hauser, Law Student Intern
Ashley Anderson, Supervising Attorney
Michael J. Wishnie, Supervising Attorney
Jerome N. Frank Legal Services Org.
michael.wishnie@ylsclinics.org

*Counsel for Petitioner-Appellant Karissa Wiggins*